## McDONALD v. YEAGER.

PROMISSORY NOTE.—*Pleading.—Variance.*—Where suit was brought as upon a promissory note, and a due-bill was filed as an exhibit, it was held on demurrer, that the variance, being amendable under the statute, would be disregarded.

MOTION TO MAKE NEW PARTIES.—*Street Improvement.*—A motion by the defendant in such action, to make the mayor and common council of a city parties plaintiffs, also, on the ground that the due-bill in suit was executed for a street improvement in said city, and given to the contractor therefor, and that three years after the same was due and unpaid, the city had issued a precept to collect the same, was properly overruled.

APPEAL from the Fountain Common Pleas.

DOWNEY, J.—The appellee sued the appellant, alleging in his complaint that the defendant on the 17th day of April, 1868, by his note, a copy of which is filed, etc., promised to pay, etc. The instrument, a copy of which is filed with the complaint, reads as follows:

"$244.60          "ATTICA, Indiana, April 17th, 1868.

"Due John B. Yeager the sum of two hundred and forty-four dollars and sixty cents, with interest from date.

"J. D. McDONALD."

The defendant moved that the mayor and common council of the city of Attica be made additional plaintiffs in the action, and filed a petition therefor, stating that the claim of the plaintiff, Yeager, was based upon a certain street improvement called "lateral guttering," ordered to be made in the city of Attica in the year 1867, by the said common council, along the premises of said McDonald; that said Yeager pretends to have done said work and so represented to the defendant at the time the defendant gave him the said due-bill; that, relying upon said representations of said Yeager, the defendant gave him said due-bill, believing at the time from such representations, that his liability, if any, was to Yeager, and not to the city of Attica; he said Yeager being then and there the person to whom said work was let by the city. But defendant states the fact to be, that although said Yeager was then and there the contractor to perform

said street improvement, yet, for some reason unknown to him, the city of Attica did not, in fact, release her demand upon him, and by proper precept has proceeded to order the said defendant's premises to be sold, to pay for said improvement; and so it is that unless the city of Attica be made a party, the defendant may be compelled to pay for said improvement, both to said Yeager and to the said city of Attica. The court overruled this motion, and the defendant excepted and reserved the question by proper bill of exceptions.

The defendant then demurred to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action. This demurrer was also overruled, and the defendant again excepted. The defendant failing and refusing to plead over, final judgment was rendered for the plaintiff.

The errors assigned are the overruling of the demurrer to the complaint, and also the overruling of the motion to make the mayor and common council of the city of Attica parties to the action.

The ground of objection made to the complaint, by counsel for the appellant in their brief, is, that the instrument which is the foundation of the action, and which, in the complaint, is styled a "note," is not a note, but is a due-bill only. They contend that as the complaint says it is predicated upon a note, the copy of a note, and not of a due-bill, must be filed with it. Perhaps the instrument in question does not answer to the common definition of a promissory note, which is found in the books, because it does not contain a promise to pay a certain sum of money at a future time. But when the instrument or a copy of it is filed with the complaint, in pursuance of the requirements of the code, it is expressly provided that any variance between the pleading and copy of the instrument filed, as to matter of description, or legal effect, may be amended at any time, as of course, before judgment, without causing a continuance. 2 G. & H. 104, sec. 78. And this court cannot reverse a judg-

ment for any variance which might have been amended in the court below. 2 G. & H. 278, sec. 580.

We think the court committed no error in overruling the motion to make the mayor and common council plaintiffs with Yeager. No sufficient reason is shown for making them plaintiffs in the action. The due-bill was given on the seventeenth day of April, 1868, and was then due. This action was not commenced until May 4th, 1871. Perhaps this delay may explain the reason for the issuing of a precept to collect the amount due for the improvement, which the appellant seems not to understand. By the law, the money is due to the contractor, although collected by virtue of a precept issued by authority of the city. If the appellant shall be pressed for payment of the money a second time, after having paid it once, it will then be time enough for the courts to interfere in his behalf.

The judgment is affirmed, with ten per cent. damages and costs.

L. T. Miller and J. M. Hail, for appellant.