Carver *v.* Carver.

## CARVER *v.* CARVER.

PLEADING.— *Variance and Amendment.—Promissory Note.*—Where a complaint on a promissory note alleges it to be payable at a certain period after date, and the copy of the note filed with the complaint shows it to be payable at a certain other period after date, the pleading may be regarded as amended so as to avoid the variance.

HUSBAND AND WIFE.—*Separate Property of Wife.—Promissory Note.*—A husband cannot, without the consent of his wife, receive payment of a promissory note made payable to her by a third person, for money, which, being her separate property, has been used or borrowed by her husband, or so made payable to her as a gift of the amount thereof from her husband, such note being her separate property.

SAME.—*Payment to Husband.*—Where a husband gets possession, without the consent of his wife, of a promissory note made to her by a third person, and being her separate property, payments made to him, while he has such possession, by the maker, will not discharge the note or any part of it, unless said wife subsequently sanction such payment.

SAME.—*Agency of Husband.—Payment.*—Where a married woman has placed in the hands of her husband, for collection, a promissory note, made to her by a third person, and being her separate property, her husband is not thereby authorized to receive payment in anything but money; and other property received by him cannot be applied as payment, unless his wife has authorized it, or afterwards acquiesces in it; and the burden is on the maker seeking such application to prove such authority or agency.

SAME.—*Trust.*—Where a husband causes a promissory note, given in consideration of the sale and conveyance of his real estate, to be made to his wife, though without her knowledge, and delivers it to her, whether as a gift to her (which, in the absence of anything to the contrary, would be inferred), or for the purpose of repaying her for money or other property of her separate estate used by said husband in the purchase of said real estate, she does not hold said note as the trustee of her husband, so as to render valid as against her a payment thereon made to him, but such note is her separate property.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellant.

*H. D. Thompson, W. R. Pierse* and *W. March,* for appellee.

DOWNEY, J. — This was an action by the appellee, as payee, against the appellant, as maker of a promissory note

for nine hundred and eighty-nine dollars and twenty-five cents.

Demurrer to the complaint filed and overruled.

Answer, 1. A general denial.

2. Payment.

3. That the note was made to the plaintiff, in trust for her husband, Ira K. Carver, and was placed in his hands by her consent, and that payment was made to him.

Reply in denial of the second and third paragraphs of the answer.

Trial by a jury, and verdict for the plaintiff for four hundred and one dollars and thirty-three cents.

Motion for a new trial by each party overruled, and judgment on the verdict.

Errors assigned by the appellant:

1. Overruling the demurrer to the complaint.

2. Refusing to grant a new trial.

The appellee assigns, for a cross error, the refusal of the court to grant her a new trial.

The objection made by the appellant to the complaint is, that the note is therein alleged to be payable two years after date, whereas the copy of the note filed shows that it was payable in two years and eight months after date. We do not think there is anything in this position. We should treat the pleading as amended, and the variance as thus avoided. *McDonald* v. *Yeager*, 42 Ind. 388.

Four grounds are stated in the defendant's motion for a new trial:

1. That the verdict of the jury is contrary to law.

2. It is not sustained by sufficient evidence.

3. That the court erred in permitting Esther J. Carver to detail, in her rebutting evidence, facts and circumstances tending to show the facts alleged in her complaint, as to how the note in suit got out of her possession and went into the possession of the defendant.

4. The court erred in giving to the jury instructions number five, six, seven and eight.

There is nothing in either of the first two, reasons for a new trial.

The evidence was quite conflicting on the material points in the case.   In such cases this court does not interfere with the judgment in the court below.

There is nothing in the third reason for a new trial, because there does not appear to have been anything improper in allowing the rebutting evidence.

In the third paragraph of the answer, the question was raised as to the ownership of the note, and there had been evidence on the part of the defendant tending to support that paragraph.   The evidence in question was designed to meet that evidence, and we think was properly admitted.

In the fifth instruction, the court told the jury, that the note being executed to the wife, it became her property, absolutely, and whether it was given to her for her money or not, that the husband had used or borrowed, it was absolutely hers, and he could not receive payment upon it, either in money or property, without her consent.

This instruction is, probably, not entirely correct.   The personal property of the wife, held by her at the time of her marriage, or acquired by her during coverture by descent, devise, or gift, is her separate property.   Acts 1853, p. 57, 1 G. & H. 295, note 2.

It has been held, that a claim for the personal services of the wife during coverture is the husband's, and not hers. *Baxter* v. *Prickett's Adm'r*, 27 Ind. 490.   Should she take a promissory note for such indebtedness, or for any other claim, not her separate property, but for something, the ownership of which was his, in law, and not her separate property, it would seem that such note would belong to her husband, and that he might, according to the rules of the common law, receive payment thereof without her consent. We are of the opinion, however, that there was such evidence in this case as showed, either that the note was given to the wife for money of hers, which the husband had used, or that it was made to her as a gift of the amount from the

husband, and that, in either case, the note, or the money, the indebtedness for which was evidenced by the note, thereby became the separate property of the wife. In its application to the facts of the case, therefore, the instruction was not erroneous.

In the sixth instruction, the court told the jury that if the husband of the plaintiff got possession of the note without her consent, payments made to him by the defendant, while he had such possession, would not discharge the note or any part of it, unless she subsequently sanctioned such payments.

This instruction was correct, in view of the evidence to which we have already referred.

In the seventh instruction, the court said, that although the note was placed in the hands of the husband by the wife for collection, this would not authorize him to receive payment in anything but money; and horses, notes and cattle received of the defendant, by the husband, could not be applied in payment of the note, unless the wife authorized it done, or acquiesced in it after it was done; and the burden was on the defendant to prove such authority or agency. No specific objection to this instruction is pointed out by counsel, and we see none.

So far, then, as the case depends on the errors alleged by the defendant, we think the judgment ought to be affirmed.

Upon the cross-error assigned by the appellee, it is claimed that the judgment should be reversed for the reason, among others, that the court gave certain erroneous instructions to the jury.

The tenth instruction given for the defendant was as follows:

"If you believe, from a preponderance of the evidence, that the note in suit was executed by William Carver to the plaintiff, without her knowledge, and was afterwards delivered to her by Ira K. Carver, and that said note was the consideration of the conveyance of real estate, owned by Ira K. Carver, to William Carver, and that Ira K. Carver procured the note to be executed in the name of his wife, without her knowledge as aforesaid, and afterwards delivered the

same to her, then, and in that case, the plaintiff in this suit became the trustee of said Ira K. Carver, and any payment of said note, made by the defendant to him, would be valid, as against the plaintiff in this action."

This instruction was clearly erroneous. There was evidence tending to show that Ira K. Carver had used money or means of his wife, which she got from her father, in the purchase of the land, for the price of which, when sold to William Carver, the note was executed and made payable to her, and that the note was made payable to her for the purpose of repaying that amount, or part of it. We think, also, that if the husband had the note made payable to his wife, and delivered it to her, in the absence of anything to the contrary, the proper inference would be that he intended it to be a gift to her, and not to make her a trustee. In either view of the case, the instruction was erroneous.

There may be, and we think there are, other errors in the instructions given by the court at the instance of the defendant, but we do not stop to examine them.

The judgment is reversed, at the costs of the appellant, and the cause remanded for a new trial.