THE SINGER MANUFACTURING COMPANY *v.* DOXEY.

REPLEVIN.—*Justice of Peace.*—*Assessment of Value Exceeding that Alleged.*—*Verdict.*—*New Trial.*—*Amendment of Complaint.*—*Supreme Court.*—On trial in the circuit court, on appeal by the plaintiff, of an action commenced before a justice of the peace to recover the possession of a chattel. alleged in the complaint to be of the value of twenty-five dollars, the jury returned a verdict that the plaintiff was the owner and entitled to the possession of the chattel, that it was of the value of sixty-five dollars, and that it was unlawfully detained by the defendant.

*Held,* that, if the property be adjudged to the plaintiff, and is not returned or ean not be found, he is entitled to judgment for the value thereof, whether demanded by the complaint or not.

*Held,* also, that the fact that the value assessed by the verdict exceeds that . alleged in the complaint is not cause for a new trial.

*Held,* also, that the Supreme Court will deem the complaint to have been so amended as to correspond with the verdict.

From the Vigo Circuit Court.

· *T. H. Harper* and *J. G. Williams,* for appellant.

HOWK, C. J.—This was a suit by the appellee, against the appellant, commenced before a justice of the peace of Vigo county, to recover the possession of a certain sewing machine.

In her complaint, the appellee alleged, in substance, that she was the owner, and entitled to the possession, of a certain sewing machine, No. 639,368, of the value of twenty-five dollars, of which the appellant had

possession without right, and which was unlawfully detained from the appellee by the appellant; and that the said machine had not been taken by virtue of any execution or other writ against the appellee. Wherefore she demanded judgment for the recovery of said property, and five dollars for its detention, and other proper relief.

This complaint was duly verified by the appellee's oath ; and her bond with sureties having been filed with and approved by the justice, a writ of replevin was duly issued to the proper constable, by virtue of which he seized the said sewing machine and delivered it to the appellee.

On the day set for the trial of the cause before the justice, the appellant appeared, and the appellee was called and made default, and judgment was rendered accordingly, in favor of the appellant and against the appellee, for the return of the property, and for the recovery of the costs of suit. From this judgment there was an appeal by the appellee to the court below.

In this latter court, the cause was tried by a jury, and a verdict was returned for the appellee, to the effect that she was the owner, and lawfully entitled to the possession, of the sewing machine; that it was of the value of sixty-five dollars, and that it was unlawfully detained from her by the appellant, and assessing her damages for the detention thereof in the sum of one cent.

The appellant's motion for a new trial having been overruled, and its exception saved to this ruling, judgment was rendered on the verdict, from which judgment this appeal is now here prosecuted.

The only alleged error, assigned by the appellant, is the decision of the court below in overruling its motion for a new trial. The causes for such new trial were as follows :

" 1. Because the verdict of the jury is not sustained by the evidence ;

" 2. Because the verdict of the jury is contrary to the evidence; and,

" 3. Because the jury erred in the assessment of the value of the property detained, the assessment being greater than the value stated in the complaint."

Upon the third cause assigned for such new trial, the appellant's counsel chiefly rely, in this court, for a reversal of the judgment of the circuit court. In her complaint, verified by her oath, the appellee alleged that the value of the sewing machine sued for was twenty-five dollars. On the trial, as a witness in her own behalf, she testified that the value of said machine was sixty-five dollars, or forty dollars more than the value alleged in the complaint. In their verdict, the jury found and assessed the value of said machine at the sum of sixty-five dollars; and, in the alternative judgment authorized by the statute in such cases, it was considered by the court, that the appellee recover of the appellant the said sewing machine, and that the appellant deliver the machine to the appellee, " or, in case a delivery thereof can not be had," that the appellee recover of the appellant the said sum of sixty-five dollars, etc.

Did the jury err in assessing the value of the sewing machine at a sum in excess of the value thereof alleged by the appellee in her complaint? This is the question, and the only question, presented by the appellant's counsel for our decision, in the case now before us. We are asked to reverse the judgment of the court below, not because the appellant was in fact the owner of the sewing machine in controversy, nor because the appellee was not the lawful owner, and lawfully entitled to the possession, of said machine, but purely and simply for the reason that the jury had assessed the value of the appellee's machine at forty dollars in excess of the value placed upon it by the appellee, in her complaint. The appellee was entitled to the possession of the machine, and this fact is not controverted.

by the appellant in this court; the appellant was not enti-
tled to the possession of the machine, and this fact is vir-
tually admitted by the appellant, in this court. Under
these facts, admitted or at least' not controverted in this
court, what possible difference could it make to the appel-
lant, that the jury had assessed the machine at a value in
excess of the value placed upon it by the appellee, in her
complaint? We fail to see how this increased valuation could,
in any manner or by any possibility, injuriously affect the
appellant, except upon the hypothesis, which it would be
unjust to attribute to the appellant, that it desired to ap-
propriate to its own use the appellee's machine, by the
payment therefor of but little more than one-third of its
actual value.

It does not clearly appear, from the record of this cause,
which one of the parties to this action had possession of
the sewing machine, at the time of the trial and judgment
therein, in the circuit court. From the form of the judg-
ment, however, we think it may be fairly assumed, that
the machine was then in the possession of the appellant;
for the judgment was, that the appellant should deliver
the machine to the appellee. If, under the judgment, the
machine was delivered to the appellee, of course the ap-
pellant could not be affected by, and would have no possi-
ble interest in, the value of the machine as assessed by the
jury. If the machine should not be delivered to the ap-
pellee, in accordance with the judgment, the reason for
such non-delivery, we may fairly assume, would be that
the machine could not be found. In that event, it seems
to us, that the case would come within the purview and
meaning of section 74 of the justices' act in civil cases,
approved June 9th, 1852, wherein it is provided, that, if
the " property, not so found, is adjudged to be the prop-
erty of the plaintiff, and liable to have been recovered in
that action, if it had been found, he shall recover the value
thereof in damages, whether he shall have claimed that

amount as damages in his complaint or not." 2 R. S. 1876, p. 630.

We think the case at bar comes fairly within the spirit, scope and purpose of this statutory provision; that the sewing machine is adjudged to be the property of the appellee, and is recovered by her, and the appellant is required to deliver the same to her, in this action; and that, if the appellant should not deliver the machine to her, and if it is not found, then the appellee might, under the statute, recover the value of the machine in damages, whether she had demanded judgment for that amount in her complaint or not.

We do not think, that, in an action to recover the possession of personal property, the value placed upon the property by the plaintiff in his complaint is or ought to be regarded as a limitation upon the amount of the plaintiff's recovery, if the property can not be found, or if, from any other cause, having obtained a judgment for its recovery, he should fail to get possession thereof. But if it were otherwise, if such value were an absolute limitation upon the amount of the plaintiff's recovery, then the complaint might have been so amended, on trial in the court below, as to make the averment of the value of the property correspond with the proof of its value; and therefore, in this court, it will be deemed and taken to have been thus amended. *Lucas* v. *Smith*, 42 Ind. 103; *Hamilton* v. *Winterrowd*, 43 Ind. 393; *Krewson* v. *Cloud*, 45 Ind. 273.

In any view of this case, therefore, it seems very clear to us, that no error was committed by the circuit court, in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.