Nov. Term, 1855.

HARDIN v. CRIST.

---

HARDIN and Another, Executors, *v.* CRIST.

Suit by *A.* against the executors of *B.*, for the value of services rendered to *B.*, in his lifetime. The answer contained three paragraphs. 1. That *B.*, at the time of his decease, was not indebted, &c. 2. Payment. 3. The statute of limitations. *Held*, that the objections that *A.* had not filed a statement of his demand in the Probate Court within one year after the issuing of letters testamentary, and that final settlement of the estate had been made before suit brought, not having been pleaded in the Court below, could not be considered, in the first instance, in the Supreme Court.

APPEAL from the *Perry* Circuit Court.

DAVISON, J.— *Crist*, the appellee, sued *James Hardin* and *William Hyde*, executors, &c., of *John Riggs*, deceased, to

Friday, December 7.

recover from them the value of services rendered by him to the decedent in his lifetime. The answer of the executors to the complaint, contains three paragraphs: 1. That *Riggs*, at the time of his death, was not indebted in manner and form as alleged, &c. 2. Payment. 3. The statute of limitations. These were the only defences set up to the action, and upon them direct issues were made. The jury returned a verdict in favor of *Crist* for 657 dollars; and the Court, having overruled a motion for a new trial, rendered a judgment against the executors for the amount of the verdict, and a judgment in their favor, and against *Crist*, for costs.

The record contains a bill of exceptions, which professes to set out the evidence; and whether it was or not sufficient to sustain the verdict, appears to have been the only question involved in the motion for a new trial.

Though the evidence is to some extent conflicting, yet having carefully examined it, we are of opinion that there is a decided preponderance in favor of the verdict. It appeared on the trial that *Riggs* died on the 20th of *December*, 1850; that his will was admitted to probate on the 6th of *January*, 1851; and that the executors, at the first term thereafter of the Probate Court, held in *February*, 1851, made a final settlement of the decedent's estate. And there was evidence tending to prove that *Crist*, after the probate of the will and before the settlement, told the executors that he held no claim whatever against said estate. It also appeared that no statement of his demand against the testator was filed in said Court within one year after the grant of letters testamentary. Hence, it is contended that the claim sued on is barred.

The point here raised does not appear to have been presented in the Circuit Court; it was not within the issues upon which the cause was tried; and the appellee contends that it can not properly be made, in the first instance, in this Court. We incline to that opinion. Whether *Crist* was or not estopped from setting up a claim against the executors, is a question not embraced in either issue made in the case. Such defence was not

available, unless specially set up in the answer.  The exe- cutors, then, having failed, in a proper mode, to raise that point of inquiry in the Court below, are not entitled to a decision of it in this Court.

*Per Curiam.*—The judgment is affirmed, with 6 per cent. damages and costs.

*J. Pitcher* and *A. L. Robinson,* for the appellants.