## TUCKER *v.* TAYLOR.

BAILMENT.—*Mechanic's Lien on Chattel.*—The lien of a mechanic upon a chattel for labor performed thereon by him is destroyed by his voluntary relinquishment of the possession of the chattel to the bailor.

SAME.—*Agreement for Future Payment.*—Such lien cannot exist where, by the terms of the contract of bailment, a future day of payment for such labor has been agreed upon.

SAME. — A mechanic, having repaired a wagon for another person, the owner thereof, for which labor payment was to be made in the use by the mechanic of the wagon and a horse to be furnished by said owner, to make a certain journey, permitted said owner to take possession of the wagon, and, after a time, received it again to use on said journey; but, said owner having failed to furnish a suitable horse, the mechanic asserted a lien upon the wagon for his said work thereon, advertised it for sale, and became the purchaser at such sale.

*Held*, that said owner was entitled to *r*ecover the possession of the wagon from said purchaser.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*W. Garver* and *J. S. Losey*, for appellee.

DOWNEY, C. J.—This was an action by the appellant against the appellee, as in replevin, for the recovery of a spring wagon. The defendant answered in three paragraphs:

1. A general denial.

2. Property in the defendant.

3. Special property in the defendant as bailee of the wagon, claiming a lien thereon as a mechanic for work done thereon.

Reply in two paragraphs, to the second and third paragraphs of the answer. Trial by jury, verdict for the defendant, motion by the plaintiff for a new trial overruled, and final judgment for the defendant.

The error assigned is the overruling of the motion for a new trial.

The facts, in substance, are, that the appellant owned the spring wagon and one or more horses. The appellee, being a mechanic, agreed to make certain repairs on the wagon, in consideration of which he was to have the use of the wagon and a horse of the appellant to make a trip to Ohio. He made the repairs on the wagon, and allowed the appellant to take it away, not then being ready to make the trip to Ohio. After some three weeks he got ready to go to Ohio, and then the appellant had sold the horse which appellee expected to use. The appellant furnished him another

horse, which kicked the dash-board off the wagon and broke the shafts. The appellant got, and offered the appellee, another horse, which he refused to use, on the ground that he did not consider him strong enough. The appellee then asserted a lien upon the wagon, advertised it for sale, and became the purchaser thereof himself. The appellant then brought this action for the recovery of the possession of the wagon.

The insufficiency of the evidence was one of the reasons alleged for a new trial. In our opinion, the new trial should have been granted. The evidence is consistent that the appellee parted with the possession of the wagon, relying on the promise of the appellant to furnish it to him when he got ready to make the trip to Ohio. Possession is essential to the existence of such a lien. If the mechanic part with the possession, the lien is gone. He retains the right to sue for a compensation for the work done, but he cannot assert the lien. *Jacobs* v. *Latour*, 5 Bing. 130; *Chase* v. *Westmore*, 5 M. & S. 180; *Morse* v. *Androscoggin R. R. Co.*, 39 Maine, 285; *King* v. *The Indian Orchard Canal Co.*, 11 Cush. 231. In addition to this, it is the law that no lien exists, if, by the bargain, a future day of payment be agreed upon; for, in such case, the detention of the chattel would be inconsistent with the terms of the contract. 2 Chit. on Con. 802, 11th Am. ed. Such seems to have been the understanding of the parties in this case.

The judgment is reversed, with costs, and the cause is remanded for a new trial.