Whetstone *et al. v.* Baker *et al.*

Filed Feb. 19, 1895.

---

No. 17,058.

WHETSTONE ET AL. *v.* BAKER ET AL.

REAL ESTATE.—*Decedent's Estate.—Vendor's Lien.*—The widow and heirs of a deceased vendee of land have no rights as against the vendor's lien for unpaid purchase-money.

SAME.—*Vendor's Lien.—Action in Rem.—Sufficiency of Complaint.*—An action to enforce a vendor's lien is a proceeding *in rem* where the action is prosecuted by the heirs of the vendor, after the death of the vendee and after the final settlement of his estate. That the complaint in such action is sufficient, see opinion.

SAME.—*Decedent's Estate.—Liens Continue Against.*—Liens continue against the land of a decedent, unless discharged by decree or payment, and may be enforced after the final settlement of the estate.

From the Madison Circuit Court.

*H. D. Thompson, J. F. Ellis* and *E. E. Hendee,* for appellant.

*H. C. Ryan,* for appellees.

HOWARD, J.—From the complaint in this case, to which a demurrer was overruled, it appears that on the 11th day of November, 1876, Jonas Whetstone was the owner of the real estate in controversy, and that on said day, his wife, Jane Whetstone, joining, he conveyed said land to his son, Tunis Whetstone, the consideration expressed in the deed being that Tunis Whetstone should pay to the grantors one-third of all crops raised on the land during the lifetime of his said father and mother, and, at their death, pay to their heirs $1,000. The land was at that time and is still of the value of $6,000.

Tunis Whetstone accepted the deed, placed it on record, and, during his lifetime, continued to pay to his parents their one-third of the crops as agreed.

Jane Whetstone, his mother, died in 1878; Tunis himself died in 1884; and Jonas Whetstone, the father, died in 1890. Tunis' estate was finally settled in 1885. His widow and children, the appellants, succeeded to the land and continued to pay to Jonas Whetstone, until his death, in 1890, the one-third of the crops.

On the death of Jonas Whetstone, the appellees, who are his heirs at law, brought this action to recover the one thousand dollars provided for in the deed, and asking that the same be declared a lien on the land, and the land be sold to make payment.

The cause was tried by the court and judgment rendered in favor of the appellees for the amount claimed, with interest from the death of Jonas Whetstone. The court found the amount due to be a purchase-money lien upon the land, and on failure of payment ordered the same sold in satisfaction of the lien.

We think the complaint was good. It was a proceeding *in rem*, to collect the amount due out of the land. Had Tunis Whetstone been living a personal judgment

might have been had against him as grantee and acceptor of the deed. We do not undertsand the decree as being a personal judgment against the appellants, his heirs. The appellees, as beneficiaries, though not parties to the contract, may maintain the action to enforce a vendor's lien for the unpaid part of the purchase-money. See *Pruitt* v. *Pruitt*, 91 Ind. 595; *Ballew* v. *Roler*, 124 Ind. 557; *Stevens* v. *Flannagan*, 131 Ind. 122.

Neither is it true that the amount of the lien should have been filed as a claim against the estate of Tunis Whetstone. His estate had been finally settled five years before this cause of action accrued. At the time of his death it could not be told when, if ever, the claim would accrue. It could not accrue until the death of Jonas and Jane Whetstone; and who should then be their heirs, or whether they should have any, could not be told at the time when Tunis Whetstone's estate was settled.

In *Beach* v. *Bell*, 139 Ind. 167, in construing the several sections of the statute relating to the collection of debts of a decedent, we held, that if a claim is to participate in the personal assets of an estate, it must be filed before settlement, but that liens continue against the real estate of the decedent unless discharged by decree or payment.

The claim in the case at bar was a vendor's lien for the unpaid part of the purchase-price, and would always go with the land, to be foreclosed, if necessary, and the amount due collected, as on a purchase-money mortgage. The widow could have no right as against such a claim. The land came to her, as well as to her children, burdened with this lien; and neither her title to the land, nor theirs, could be superior to the lien of such unpaid purchase-money.

The parties to the suit are the only persons in interest,

and we think the action was properly brought and has been correctly decided.

The judgment is affirmed.

Filed Feb. 19, 1895.