NOERR, ADMINISTRATRIX, *v.* SCHMIDT, TRUSTEE, ET AL.

[No. 18,325. Filed Oct. 6, 1898. Rehearing denied Dec. 15, 1898.]

APPEAL AND ERROR.—*Evidence.*—*Bill of Exceptions.*—Where it is affirmatively shown by the bill of exceptions that evidence was given at the trial which was not copied into the bill, a motion for a new trial based upon causes depending upon the evidence cannot be considered on appeal. *pp. 580, 581.*

NEW TRIAL.— *Mortgages.— Foreclosure.— Counterclaim.*—A motion for a new trial in an action to foreclose a mortgage was properly overruled, where such motion was based upon the insufficiency of the evidence to support the finding of the court upon a counterclaim, if the finding of the court upon the issues joined on the complaint was correct. In such case the motion should ask for a new trial of the issues joined on the counterclaim. *p. 581.*

COURTS.—*Jurisdiction.—Marion Superior Court.*—The Marion Superior Court has jurisdiction of actions to foreclose mortgages on real estate in Marion county. *p. 582.*

DECEDENTS' ESTATES.—*Mortgages.—Foreclosure.—Complaint.*—It is not necessary to allege in a complaint in an action against an administrator and the heirs of a decedent to foreclose a mortgage

Noerr, Administratrix, v. Schmidt, Trustee, et al.

executed by such decedent that a claim therefor had been filed against his estate; if a claim therefor had not been filed such fact should be pleaded in bar or in abatement.  *pp. 583-586.*

From the Marion Superior Court.  *Affirmed.*

*John B. Sherwood,* for appellant.

*S. M. Shepard* and *Florea & Seidensticker,* for appellees.

MONKS, J.—Appellee Schmidt, as trustee, brought this action against his co-appellees and appellant to foreclose a mortgage executed by appellant's intestate in his lifetime.  Appellant's demurrer to the complaint was overruled.  Appellees George and Frederick Noerr filed a counterclaim, by which they sought to be subrogated to the rights of the mortgagee under a prior mortgage on the same real estate, and to foreclose the same.  The court found in favor of Schmidt, trustee, and in favor of George and Frederick Noerr upon their counterclaim, and over appellant's motion for a new trial, rendered judgment foreclosing the mortgages sued upon in complaint and counterclaim, respectively.

It is insisted by appellant that the trial court erred in overruling the motion for a new trial. The causes for a new trial not waived by a failure to argue the same are:  (1) That the court erred in assessing the amount of recovery in favor of Frederick and George Noerr on the issues raised on their counterclaim, in this: that the assessment is too large; (2) that the decision of the court is not sustained by sufficient evidence; (3) that the decision of the court is contrary to law.  These causes for a new trial require a consideration of all the evidence given in the cause.  Appellees insist that the court cannot consider the evidence for the reason that it affirmatively appears from the bill of exceptions that it does not contain all the evidence.  The bill of exceptions, although reciting

that "this was all the evidence given in the cause," shows affirmatively that evidence was given at the trial which was not copied into the bill of exceptions. In such case the settled rule is that the court cannot consider the evidence in determining any of the foregoing causes assigned for a new trial. *Weaver* v. *Kennedy*, 142 Ind. 440, and cases cited. It follows that the court cannot consider the evidence, and without it there is nothing from which we can determine that the court erred in overruling the motion for a new trial. Moreover, if the bill of exceptions contained all the evidence given in the cause, we could not disturb the action of the trial court in overruling the motion for a new trial. Appellant does not claim that the finding of the court in favor of Schmidt, as trustee, was not sustained by sufficient evidence, or was contrary to law, or that the amount of recovery assessed in his favor was too large. Such a claim is only made as to the finding in favor of Frederick and George Noerr, on the counterclaim. If the finding of the court in favor of Schmidt, trustee, upon the issues joined upon his complaint was correct, the motion was properly overruled, even though the evidence was not sufficient to sustain the finding in favor of Frederick and George Noerr upon their counterclaim. In such case the motion should ask for a new trial of the issues joined on the counterclaim. *Upland Land Co.* v. *Ginn*, 144 Ind. 434, 439, and authorities cited. The following questions are, however, presented by the record: (1) Has the Marion Superior Court jurisdiction of actions to foreclose mortgages upon real estate in said county? (2) Is it necessary, in an action against an administrator and the heirs of a decedent to foreclose a real estate mortgage executed by such decedent in his lifetime, to allege in the complaint that a claim therefor had been filed against the estate? If

both of these questions may be answered in the affirmative, the case is to be affirmed.

Section 10 of the act of 1871 creating superior courts, being section 1404, Burns' R. S. 1894 (1351, Horner's R. S. 1897, Acts 1871, p. 50), provides that "said court, within and for the county or counties in which it may be organized, shall have original concurrent jurisdiction with the circuit court in all civil causes except slander." Section 3 of an act concerning circuit courts, approved April 7, 1881, being section 1366, Burns' R. S. 1894 (1314, Horner's R. S. 1897, Acts 1881, p. 102), provides that circuit courts "shall have original and exclusive jurisdiction in all cases at law and in equity whatsoever, and in criminal cases and actions for divorce, except where exclusive or concurrent jurisdiction is or may be conferred by law upon justices of the peace. It shall also have exclusive jurisdiction of the settlement of decedents' estates and of guardianships: *Provided, however*, That in counties in which criminal or superior courts exist, or may be organized, nothing in this section shall be construed to deprive such courts of the jurisdiction conferred upon them by law." It is clear that under said section the superior court of Marion county has jurisdiction of actions to foreclose mortgages upon real estate in said county. Appellant contends, however, that by section 712 of "An act concerning civil proceedings" approved April 7, 1881, being section 1109, Burns' R. S. 1894 (1095, Horner's R. S. 1897, Acts 1881, p. 364), the exclusive jurisdiction of actions to foreclose mortgages on real estate was vested in the circuit court. We cannot agree with this contention of appellant. Said section reads as follows: "When default is made in the performance of any condition contained in a mortgage, the mortgagee or his assignees may proceed, in the circuit court of the county

where the land lies, to foreclose the equity of redemption contained in the mortgage." It will be observed that the act containing said section, and the act "concerning the circuit courts," which provided that the same should not be construed to deprive criminal and superior courts of the jurisdiction conferred upon them by law, were approved the same day,—April 7, 1881. The rule is that laws in *pari materia* must be construed together. Black on Interpretation of Law, 204. So construed, we think it clear that section 712 of the act "concerning proceedings in civil cases," being section 1109 (1095), *supra*, providing that actions to foreclose mortgages on real estate may be brought in the circuit court of the county where the land lies, does not deprive the superior courts of the concurrent jurisdiction over such an action, expressly conferred by statute. *Browning* v. *Smith*, 139 Ind. 280; *Meikel* v. *Meikel*, 119 Ind. 421. It is insisted by appellee that section 2484, Burns' R. S. 1894 (2331, Horner's R. S. 1897), expressly provides that the holder of a mortgage upon a decedent's real estate, for the payment of which the personal estate of such decedent is liable, may, after the end of one year from the death of such decedent, maintain an action against the heirs and executor or administrator for the foreclosure thereof, without first filing against the estate a claim for the indebtedness secured by such mortgage. Nothing is said, however, in the section named in regard to filing a claim therefor against the estate. It was held by this court, in *Beach* v. *Bell*, 139 Ind. 167, and in *Whetstone* v. *Baker*, 140 Ind. 213, "that a person holding a specific lien on the real estate of a decedent may enforce such lien against such land after final settlement of the estate, although no claim therefor was filed against said estate before final settlement." It does not follow, however, that such a lien may be en-

forced before the final settlement of said estate without having filed a claim therefor against the estate, under the provisions of the decedents' act.

Construing the sections of the decedents' act forbidding the commencement of actions by complaint and summons against executors and administrators, and concerning the filing and allowance of claims against decedents' estates, the sale of real estate to pay the debts, and the order in which the debts and liabilities of a decedent are to be paid, together with said section 2484 (2331), *supra*, concerning the foreclosure of mortgages, and the enforcement of liens against the lands of a decedent, it may be true, as insisted by appellant, that no court would have jurisdiction to foreclose such mortgage or enforce such lien, before the final settlement of said estate, until after the claim therefor had been filed against the estate, even though more than one year had elapsed since the death of the decedent. Conceding, without deciding as to the correctness of this contention of appellant, it does not follow that the complaint to foreclose a mortgage in such case must contain an averment that such claim had been filed against the estate before the commencement of the action. Superior courts in this State are courts of general jurisdiction, and therefore their authority to proceed with a cause need not affirmatively appear in the complaint. *Eel River R. R. Co.* v. *State, ex rel.*, 143 Ind. 231, 234; *Chapell* v. *Shuee*, 117 Ind. 481, 484-485, and cases cited; Works Prac., section 474.

In *Eel River R. R. Co.* v. *State, ex rel., supra*, this court said: "The rule was thus stated by this court in *Bass Foundry & Machine Works* v. *Board, etc.*, 115 Ind. 234: 'the rule is universal as applied to courts of general jurisdiction, and especially in matters which proceed according to the course of common law, that

the facts which give  *  *  jurisdiction of the subject of the action need not affirmatively appear on the face of the complaint.  *Kinnaman* v. *Kinnaman,* 71 Ind. 417  *  *  *.

'It follows from the very language of the statute which prescribes the causes of demurrer, as well as from the general rules of the common law, that a demurrer for want of jurisdiction, either in respect to the person of the defendant or of the subject-matter of the action, will only lie where the defect appears upon the face of the complaint.  The difference between want of jurisdiction because the court is wholly without power or authority to take cognizance of and adjudicate upon the particular subject-matter involved in the suit, and want of jurisdiction on account of the nonexistence of some extraneous fact which may or may not exist in that case, is not to be disregarded.  Where the court is, in law, incompetent, and without the faculty to deal with the subject-matter before it, its proceedings and judgment, without regard to the question of waiver or consent by the parties, would be *coram non judice.*  In such a case the want of jurisdiction would necessarily appear upon the face of the complaint, and objection might be taken by demurrer or motion to dismiss.  Where, however, the subject-matter before the court is within its ordinary jurisdiction, so that its judgment would be binding unless the facts going to defeat its jurisdiction in that particular case were brought forward, a court of general jurisdiction may proceed until the facts showing want of jurisdiction are made affirmatively to appear.  This is so because the parties may, in such a case, waive any question concerning the jurisdiction of the court.  Where facts exist which would deprive the court of jurisdiction, or arrest the proceedings for the time being, the complaint being

silent in that regard, objection cannot be taken by demurrer, but the facts must be brought forward by answer or plea.   If no objection be thus taken the defect is deemed to be waived.'"   See, also, 6 Ency. of Plead. and Prac., 323, and cases cited in note 4; Henry's Probate Law, section 287; *Hardin* v. *Crist*, 7 Ind. 167.   We have already shown that the Marion Superior Court has the same jurisdiction to foreclose mortgages as the circuit courts have, and it is expressly provided by statute that said superior court "shall also have concurrent jurisdiction in all actions by or against executors and administrators."   Section 1404, Burns' R. S. 1894 (1351, Horner's R. S. 1897).   Where, therefore, it does not appear from the averments of the complaint that a claim for the indebtedness secured by such mortgage has not been filed against the estate, such fact, if it exists, and would bar or abate the action in any way, must be pleaded; whether in bar or abatement we need not determine in this case.   See, however, 12 Am. & Eng. Ency. of Law, 309, 310.   The case of *Lovering* v. *King*, 97 Ind. 130, is not in conflict with, but sustains, the conclusion reached in this case.   It appeared in said case, in the complaint for the foreclosure of a mortgage, that the personal estate of the decedent was liable for the payment of the mortgage debt, and that the action was brought before the expiration of the year within which the statute provided it could not be instituted, and the court held that the objection could be raised by demurrer because it appeared upon the face of the complaint.   It follows that each of the questions presented in this case must be answered in the affirmative.   The judgment is therefore affirmed.