## VAUGHT *v.* KNUE.

[No. 9,215. Filed February 20, 1917. Rehearing denied March 9, 1917. Transfer denied May 16, 1917.]

1. LIVERY STABLE AND GARAGE KEEPERS.—*Automobiles.—Lien.— Statute.—Construction.*—Section 8294a Burns 1914, Acts 1913 p. 764, providing that every person, firm, or corporation, or others engaged in storing or furnishing supplies for or repairing an automobile or motor truck, or every person, etc., maintaining automobile garages, shall have a lien upon any automobile or motor truck stored for storage charges, or charges for supplies for or repairs done on such automobile or truck, is, in the main, merely declaratory of the common law, under which the word "lien" signified the right which certain mechanics and artisans had to retain a chattel upon which they had performed labor or given some particular care at the request of the owner, and such statute, which adds to the common-law lien for work done a lien for supplies furnished, must be interpreted according to common-law principles. p. 470.

2. LIVERY STABLE AND GARAGE KEEPERS.—*Automobiles.—Lien for Repairs and Supplies.—Waiver.—Surrender of Possession.— Statute.*—Where a garage owner voluntarily surrendered an automobile to its owner before bringing an action to foreclose a lien for repairs made on an automobile and supplies furnished, he waived both the common-law right of lien and his right to enforce the lien provided by §8294a Burns 1914, Acts 1913 p. 764, since it is essential that one claiming a common-law lien or a lien under the statute, which is declaratory of the

common law, should retain and hold an independent and exclusive possession of the chattel. p. 471.

3. COURTS.—*State Courts.—Superior Courts.—Jurisdiction to Enforce Lien on Automobiles.—Statute.*—Although §8294 Burns 1914, Acts 1913 p. 764, provides that the lien for automobile repairs or supplies "may be foreclosed as equitable liens are now enforced in the circuit court of the county where said automobile or motor truck is located," the superior court of Marion county has jurisdiction to enforce such a lien, in view of §10 of the act of 1871 (§1472 Burns 1914), which confers upon the superior courts of the state original concurrent jurisdiction with the circuit court in all cases except slander. p. 472.

From Marion Superior Court (91,588); *Theophilus J. Moll,* Judge.

Action by Karl K. Vaught against Louis H. Knue. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*L. Russell Newgent* and *William F. Quillin,* for appellant.

*Thomas D. McGee,* for appellee.

IBACH, J.—Appellant began this suit to foreclose a lien for repairs made on an automobile and for supplies furnished. The issues were joined by an answer of general denial, trial was had by the court and a finding of facts was made and conclusions of law were stated thereon. The only error assigned is that the court erred in its conclusions of law.

The facts found by the court are in substance as follows: Appellant operated a garage in the city of Indianapolis, and he furnished supplies for and made repairs on an automobile. On December 20, 1913, appellee owned an automobile and on that day sold it conditionally to one Gehring by written contract for $450. Gehring paid $25 cash and was to pay the balance in weekly instalments until the purchase price was paid. If there was default in any of the payments appellee was authorized to retake the car without previous demand or process of law. The contract also provided

that the title and ownership of the car was to remain in appellee until paid for. It was delivered to Gehring pursuant to the contract, wherein it was further provided that in the event Gehring defaulted and appellee retook the car, the payments made should be considered as rentals. It was also agreed that appellee should deliver it to Gehring in good condition and Gehring as a further consideration was to keep it in like condition. Thereafter Gehring obtained supplies for the car at different times from appellant and also had him make repairs thereon. Gehring had an open account with appellant and he personally made payments on the account and his employer made other payments thereon. There is an unpaid balance for repairs of $108.35 and $37 for oil and gasoline. Such account was presented to Gehring and demand made of him for its payment before bringing this suit. Appellant had no knowledge of the contract of sale existing between appellee and Gehring until after the repairs had been made and the supplies furnished. Gehring defaulted in subsequent payments. He then directed appellee to retake the automobile and appellee did retake it, but before doing so he was told by appellant that his (appellant's) account with Gehring for repairs and supplies was unpaid. When this suit was begun appellee had, and still has, possession of the car and appellee had no knowledge of the dealings between appellant and Gehring until after Gehring had made default and not until he was about to retake the car.

Upon these facts the court stated the following conclusions of law: Appellant is entitled to take nothing against appellee and is not entitled to foreclose the lien set out in his complaint. Upon these conclusions of law there was judgment that appellant pay the costs, that he take nothing by his complaint, and that the lien asserted therein be not foreclosed.

The main question presented for our consideration is, What kind of a lien, if any, did appellant acquire upon the automobile upon which he had made repairs and for which he furnished supplies?

It is appellant's contention that he acquired a statutory lien under §8294a Burns 1914, Acts 1913 p. 764, which reads as follows: "That every person, firm or corporation, or others engaged in storing, or furnishing supplies for or repairing an automobile or motor truck, or every person, firm or corporation or others maintaining automobile garages, shall have a lien upon any such automobile or motor truck stored, for storage charges or charge for keeping any such automobile or motor truck, or for furnishing supplies for or repairs done on such automobile or motor truck."

We cannot agree with appellant's contention. The lien provided for by this section is not simply a statutory lien unknown at common law, but rather the statute, *supra,* which confers the right to a lien to certain persons named, is merely declaratory of the common law. Originally the word "lien" was used to signify the right which certain mechanics and artisans had to retain the chattel upon which they had performed labor, or had given it some particular care at the request of the owner directly or impliedly, until they had been paid for such labor performed; hence this so-called lien has long been recognized under well-defined, common-law principles independent of any statutory provisions. It seems to have been the purpose of the legislature, when the statute under consideration was passed, to extend this common-law right of a lien to persons who before could not have claimed its benefits, for the act declares that in addition to such persons who by their labor and skill have added to the value of the automobile on which they have labored, those also who have

furnished supplies, gasoline, etc., shall likewise have a lien for such supplies furnished. This statute also prescribes a definite remedy for its enforcement, but in the main, it is only declaratory of the common law and must be interpreted according to such principles.

It is upon such a lien that appellant must base his right to recover in this action. In cases of common-law liens, in order that such lien may be kept 2. alive, it is absolutely essential that the person claiming the lien should retain and hold an independent and exclusive possession of the particular chattel. Whenever he voluntarily surrenders its possession his lien is lost, and he then has only the right of action against the person contracting for the work and supplies for the value of the same. 1 Jones, Liens (3d ed.) §§731, 745, 749; *Tucker* v. *Taylor* (1876), 53 Ind. 93; *Glascock* v. *Lemp* (1900), 26 Ind. App. 175, 59 N. E. 342; *Bierly* v. *Royse* (1900), 25 Ind. App. 202, 57 N. E. 939.

The finding of facts not only shows that appellant did not retain possession of the particular automobile involved in the suit, but it also shows that the dealings between appellant and Gehring were wholly inconsistent with his claim of right to such possession. The findings show that there was a running account between appellant and Gehring; that payments were made thereon from time to time by Gehring and his employer; that Gehring used the car at all times apparently with the knowledge of appellant and without any objection on his part until Gehring defaulted in some of his payments, at which time the automobile was delivered to appellee. It is apparent to us from the findings that appellant was looking to Gehring personally for the payment of his account rather than to the automobile itself. In other words, it is disclosed by the entire record that appellant voluntarily surrendered the property

to Gehring some considerable time before bringing this action and he must therefore, by so doing, be held to have waived his right of lien which he might otherwise have enforced.

Some question is raised to the jurisdiction of the trial court to hear and determine such cases as this, but we are satisfied that the superior court of Marion county has such jurisdiction. While §8294b of the statute in question provides: "Said lien may be foreclosed as equitable liens are now enforced in the circuit court of the county where said automobile or motor truck is located," we do not believe it was the intent of the legislature to confer exclusive jurisdiction in such cases on the circuit court.

Section 10 of the act of 1871, being §1472 Burns 1914, conferred upon the superior courts of this State original concurrent jurisdiction with the circuit court in all cases except slander, and it seems in all cases where similar objections have been made and they have been considered by our Appellate Courts, they have held that the act, *supra,* conferred upon the superior courts concurrent jurisdiction in all cases except slander. *Noerr, Admx.,* v. *Schmidt* (1898), 151 Ind. 579, 51 N. E. 332; *Browning* v. *Smith* (1894), 139 Ind. 280, 37 N. E. 540; *Redden* v. *Town of Covington* (1867), 29 Ind. 118.

Other questions are presented by this appeal, but our disposition of the questions discussed makes unnecessary a consideration of the remaining ones.

Appellant did not have an enforceable lien against appellee's automobile. In other respects the record does not present error to warrant a reversal. Judgment affirmed.

NOTE.—Reported in 115 N. E. 108. Liens on personal property for work performed thereon, nature, 37 Am. Dec. 522; 38 Am. Dec. 668. See under (1, 2) 28 Cyc 44.