Meikel *et al. v.* Meikel *et al.*

fied the same. There is no error in the conclusions of law stated by the court.

Judgment affirmed, with costs.

Filed April 16, 1889; petition for a rehearing overruled June 19, 1889.

No. 13,598.

MEIKEL ET AL. *v.* MEIKEL ET AL.

TAXES.—*Sale.*—*Foreclosure of Lien.*—*Jurisdiction of Marion Superior Court.*— The Superior Court of Marion county has jurisdiction of actions brought by persons holding invalid tax deeds to recover from the owners of the land the amount due, and to foreclose his lien.

SAME.—*Judgment Liens.*—*When Divested.*—A sale under a decree of the Marion Superior Court foreclosing a tax lien divests the liens of judgment creditors who are parties to the proceeding.

SAME.—*Tenants in Common.*—The rule that one tenant in common can not acquire title to the land of a co-tenant by purchasing the same at a tax sale, can not apply where, prior to the sale, the co-tenant conveyed his interest to the purchaser.

SHERIFF'S SALE.—*Payment of Purchase-Money.*—*Presumption.*—Where the sheriff executes a deed to the purchaser, at a sale made by him, it will be presumed, in the absence of any showing to the contrary, that he collected from the purchaser the amount of the bid.

From the Marion Superior Court.

*F. J. Van Vorhis, W. W. Spencer, E. P. Ferris* and *J. S. Ferris,* for appellants.

*S. J. Peelle, W. L. Taylor, H. Speed* and *O. B. Jameson,* for appellees.

COFFEY, J.—This was an action for partition brought in the Marion Superior Court. The facts, so far as they affect the

questions in controversy here, are, that Philip J. Meikel died in 1849, the owner in fee of lots seven and eight, in block thirty-three, in the city of Indianapolis, leaving a widow, Mary C. Meikle, and the following named children : George W. Meikel, who was killed in front of Petersburgh, Virginia, September 10th, 1864; Charles P. Meikel, who died April 5th, 1884, leaving the plaintiffs, Harry O. Meikel and George W. Meikel; John M. Meikel, who died, unmarried, on the 2d day of November, 1881, Fred. J. Meikel and Caroline M. Meikel.

In 1864, in a partition suit in the common pleas court of Marion county, said real estate was divided into five lots, marked, respectively, A, B, C, D and E. Lot E was set off to the widow during her natural life, and the other four lots were assigned and set off to the children.

On the 4th day of November, 1875, Charles P. Meikel and his wife executed a deed to Jesse Jones, to the undivided one-fourth of lot E, subject to the life estate of the widow, to whom it had been assigned in trust for Harry O. Meikel, George W. Meikel and Carrie L. Meikel, his children.

On the 20th day of May, 1877, the First National Bank, of Indianapolis, recovered a judgment, in the Marion Superior Court, against John M. Meikel for $589.27.

On the 11th day of May, 1877, John Knight recovered judgment in the same court against said John M. Meikel for $131.30.

On the 16th day of May, 1877, William J. Johnson and Samuel Johnson recovered judgment against Fred. J. Meikel for $131.67, before a justice of the peace, a transcript of which was filed and recorded in the clerk's office of the circuit court of Marion county on the same day.

On the 12th day of May, 1877, Clement Vonnegut recovered judgment, in the Marion Circuit Court, against said John M. Meikel for $162.36, upon which Fred. J. Meikel became replevin bail.

On the 18th day of June, 1877, David Munson obtained

judgment against Fred. J. Meikel, before a justice of the peace, for $127, a transcript of which was filed in the clerk's office of Marion county on the 11th day of March, 1878. These judgments are all unpaid.

On the 11th day of July, 1881, John M. Meikel and Fred. J. Meikel conveyed all their interest in said lot E to the appellee Caroline M. Meikel.

On the 16th day of July, 1881, Caroline M. Meikel executed to Kate E. Cole a mortgage on her interest in said lot E, to secure a note of $800, which note and mortgage were assigned to the appellee Amanda Curtis. The widow of Philip J. Meikel died prior to the year 1880.

In December, 1880, Frank McWhinney, holding tax deeds to said lot E, brought suit in the superior court of Marion county, Indiana, to obtain possession of the same, and to quiet his title, to which all the judgment creditors above named were made parties defendants, and were duly served with process. All the other parties to this suit were likewise made parties to that action. On the trial of the cause the court found that said tax deeds were not sufficient to convey title, and proceeded to find the amount due the said McWhinney on account of the taxes paid by him, declared the same a lien on said lot, and entered a decree foreclosing the same and ordering a sale of said lot by the sheriff unless the sum so found due was paid within sixty days. The court further ordered that said sale should be made without relief from valuation laws ; that there should be no redemption therefrom, and that the sheriff should, at once, execute a deed to the purchaser. None of the parties having paid the sum found due to McWhinney within the sixty days fixed by the court, the sheriff of Marion county proceeded to sell the said lot, and Caroline M. Meikel bid in three-fourths thereof, and the sheriff executed to her a deed therefor.

Upon these facts the court, at special term, found that said judgment creditors had no liens upon said lot, and rendered judgment against them for costs, they having filed cross-com-

plaints in this action, setting up their respective judgments as liens. Upon appeal to the general term said finding and judgment were affirmed, and the said judgment creditors now appeal to this court, and assign as error that the Marion Superior Court, at general term, erred in affirming the finding and judgment of the court at special term.

There is no controversy between the owners of this lot as to their respective interests in the same. It is conceded that Harry O. Meikel and George W. Meikel are entitled to one-fourth thereof, and that Caroline M. Meikel is entitled to the remaining three-fourths. The controversy is between the appellants as the judgment creditors of John M. Meikel and Fred. J. Meikel, and the appellee Caroline M. Meikel.

The first contention of the appellants is, that the superior court of Marion county had no jurisdiction of the subject-matter of the action brought by McWhinney. If this be true, it must be conceded that the decree rendered in McWhinney's favor by that court was void, and that Caroline M. Meikel, by her purchase thereunder, acquired no title to the property in controversy. It would also follow that such decree and sale did not divest the liens of the judgment creditors, and that their liens still exist.

By section 1351, R. S. 1881, the superior court of Marion county has jurisdiction, concurrent with the circuit court, of all civil actions except slander, and except causes of which the common pleas court had, at the time of the passage of the act, original exclusive jurisdiction. By section 1353 it is declared to be a court of general jurisdiction. This act went into force February 15th, 1871, and was consequently in force when McWhinney brought his action.

By the act 1872 (1 R. S. 1876, p. 129, section 257), it is provided that any person holding a deed on land from the county auditor for the non-payment of taxes, may commence a suit in the circuit court of the county where such land lies, to quiet title thereto, etc. If it appear that the

title is invalid for any cause not enumerated in section 252, such suit shall not be dismissed, but the court shall ascertain the amount of taxes, with penalty and interest due, etc.

The question is, did the Legislature, by this act, intend to confer on the circuit court exclusive jurisdiction in suits to quiet title on deeds held under a tax sale? At the time the act creating the superior court of Marion county took effect the following statute was in force: "If any conveyance for taxes shall prove to be invalid, and ineffectual to convey title * * the lien which the State has on such lands shall be transferred to and vested in the grantee, his heirs or assigns, who shall be entitled to recover from the owner of such land the amount of taxes, interest and penalty, legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest, and such lands shall be bound for the payment thereof." 1 G. & H., p. 111, section 173.

It can not be doubted that the act creating the superior court authorized the holder of a conveyance under a tax sale, which had proved to be invalid, to bring suit under the above statutory provision in that court to recover the amount of taxes, interest and penalty due, and to foreclose his lien.

The only difference between this act and the act of 1872 is, that the act of 1872 authorizes the holder of such conveyance to settle both the question of his title and the right to recover the taxes, penalty and interest in the same suit. As the law abhors a multiplicity of suits, doubtless to prevent this was the only object the Legislature had in view. There is nothing in the statute of 1872 which leads to the conclusion that there was any intention to take away from the superior court the jurisdiction it then had in such cases and transfer it exclusively to the circuit court. In our opinion, the Marion Superior Court had jurisdiction over the subject-matter of the suit brought therein by McWhinney. Having, as we have seen, also jurisdiction of the persons of the

parties to this suit, it follows that they are bound by all the orders, judgments and decrees made in that cause.

It is also contended that the appellee Caroline M. Meikel did not acquire title to this property by her purchase under the McWhinney decree, for the reason that she was a tenant in common with John M. Meikel and Fred. J. Meikel. It must be conceded that, ordinarily, one tenant in common can not acquire title to the lands of his co-tenants by purchasing the same at a tax sale. *Elston* v. *Piggott*, 94 Ind. 14.

But in this case it must not be forgotten that five days before her purchase John M. and Fred. J. Meikel conveyed to her by deed all their interest in said lot. They were not, therefore, at the time of her purchase tenants in common.

It is further contended that the special finding does not show that Caroline M. Meikel, at the time of her purchase under the McWhinney decree, paid the purchase-price. The special finding shows that the sheriff executed to her a deed. It was the duty of the sheriff, before executing a deed to the purchaser, to collect the purchase-price. The law presumes that every officer does his duty. As the sheriff executed to her a deed for said property, in the absence of any showing to the contrary, it must be presumed that he collected from her the amount of her bid.

It is sought to have this court settle the rights of the appellants Harry O. Meikel and George W. Meikel against their trustee, Jesse Jones, but an examination of the record discloses the fact that the superior court expressly reserved for future consideration the rights of these parties as between themselves. There is, therefore, no question here as to their rights as against the trustee to be considered by us.

We find no error in the record for which the finding and decree of the superior court should be reversed.

Judgment affirmed.

Filed March 30, 1889; petition for a rehearing overruled June 19, 1889.