STATE EX REL. RAINEY *v.* BOARD OF TRUSTEES OF INDIANA STATE TEACHERS' RETIREMENT FUND.

[No. 30,415.   Filed October 16, 1964.]

694

*George S. Rainey,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Harriette Bailey Conn,* Depty Attorney General, for appellee.

MYERS, J.—This is an appeal from a judgment of the Marion Superior Court, Room 2, Marion County, Indiana, in which it sustained a motion of appellee, The Board of Trustees of the Indiana State Teachers' Retirement Fund, hereinafter referred to as the Board, to dismiss appellant's amended complaint in an action for mandate. A motion to reconsider was filed by appellant and was overruled. This appeal followed. Grounds for reversal presented in the assignment of errors are (1) that the court erred in sustaining appellee's motion to dismiss the amended complaint and (2) that the court erred in overruling appellant's motion to reconsider.

The amended complaint, in substance, alleges that appellant became engaged as a teacher in the Public Schools of Indiana in September, 1938; that he taught in Lebanon, Indiana, and in Shelby County without a breach in the continuity of his teaching; that in December, 1942, he entered the United States Navy by enlistment, was promoted to an officer, and served and was still serving in the United States Navy on a full-time basis as of the date of the amended complaint which was filed on September 20, 1962.

It is further alleged that during the time he served in the Navy, appellant continued to pay his regular assessment or contribution into the State Teacher's Retirement Fund as provided by law; that all such assessments or contributions were accepted and credited to his account without question from the school years of 1942-43 to the school years 1961-62; that his remittance for the Retirement Fund for the school years

1961-62 was returned to him by the Board, which unlawfully refused to accept it and apply it to his account in the Fund; that the Board allowed appellant only six years' Naval Service as credit for retirement purposes.

It is averred that a "letter of so-called explanation" was sent to appellant by the Board with the return of his remittance, the body of which reads as follows:

"We are returning your check in the amount of $216.00 which represented your contribution for the 1961-62 school year.

"Due to a recent decision by our Board of Trustees, a teacher is allowed only six military service years toward retirement credit. According to our records you have been receiving military service credit since the 1942-43 school year.

"At the time you file for retirement benefits from this fund, we will discuss this matter with you in more detail."

It is asserted that after receiving the above letter, appellant made a formal demand in writing to the Board, asking that it rescind its "recent decision"; that a reply letter was made thereto, the body of which reads as follows:

"The Board of Trustees at their regular meeting August 16, 1962, unanimously upheld the position as stated to you in our letter of June 21, 1962."

Appellant alleges that this action on the part of the Board deprived him of his right to appear and to be heard in the settlement or adjustment of his claim; that there was no observance of procedure required by law; that no notice was given to him before the "recent decision" was made; that the Board's refusal to reinstate him deprived him of an adequate remedy at law, as no record was provided to him from which

he could appeal, so that his only remedy was an action in mandate.

For relief, appellant asked the court for an order against the Board to rescind its "recent decision"; that the Board be ordered to accept all remittances and contributions to the Retirement Fund made by appellant while serving on a full-time basis in the United States Navy; that full credit be given for retirement purposes; and for all other proper relief.

Appellee appeared specially and moved to dismiss the amended complaint on the following three grounds:

"1. This Court lacks jurisdiction over the subject matter of this action for the reason that the Plaintiff does have available an adequate statutory remedy at law, which he has not exhausted, to wit: a hearing before the Board of Trustees of the Indiana State Teachers' Retirement Fund, and, in case of an adverse decision, a statutory right of judicial review and appeal.

"2. This Court lacks jurisdiction over the subject matter of this action for the further reason that an action for mandate cannot be employed to adjudicate and establish a right.

"3. This Court lacks jurisdiction over the subject matter of this action for the additional reason that a trial court will not entertain a suit to mandate a public officer or agency to perform an act unless it appears clearly that it is his legal duty to perform the act demanded and the demanding party has a clear legal right to the relief demanded."

The trial court sustained the motion to dismiss. Thereafter appellant's motion to reconsider was filed and overruled. Judgment was entered accordingly.

The merits of appellant's action are based upon Chapter 97 of the Acts of the General Assembly of 1941, Sections 1 to 6, inclusive, being Burns' Ind.

Stat., §§28-4322 to 28-4327, inclusive, 1948 Replacement, and entitled "An Act concerning public school teachers who have entered or who shall enter the military service or services auxiliary thereto, of the United States of America." Approved March 4, 1941. Although some argument is presented by both parties concerning the applicability of this Act, the only question that is before us pertains to whether the action of the Board was illegal in deciding a claim without a hearing or notice thereof, and in denying appellant the opportunity to appear and defend himself as to the Board's decision.

Appellant argues that this case is subject to the provisions of the Administrative Adjudication and Court Review Act of 1947 (Acts 1947, Chapter 365, page 1451; Burns' Ind. Stat., §§63-3001 to 63-3006, inclusive, 1961 Replacement). This Act provides for a uniform method of administrative adjudication by all agencies of the State of Indiana, providing for due notice and opportunity to be heard and to present evidence. It also establishes a uniform method of court review. There are named exceptions in the Act as to certain administrative agencies which are not included thereunder, naming state universities, institutions, the Industrial Board, Public Service Commission of Indiana and the like. The Board of the Indiana State Teachers' Retirement Fund is not named as an exception. Burns' Ind. Stat., §63-3002. Therefore, the Board falls within the purview of the statute. Burns' Ind. Stat., §63-3006, provides as follows:

"In all cases in which the agency is the moving party it shall give at least five [5] days' notice in writing by registered or certified mail with return receipt requested, addressed to the person or persons against whom an order or determination may be made at their last known

place of residence, or place of business, which notice shall set forth therein a sufficient statement of the matters of fact or law to advise such person of the matters in issue and to be heard or determined by said agency, together with notice of the time and place of such hearing. Said statement may be informal and need not conform to the requirements of a pleading in court. Whenever the hearing involves the claim, averment or complaint of, or is made by, a private person, a copy or the substance thereof shall be included in or exhibited with such notice."

Appellee argues that appellant had an adequate remedy at law before the Board of which he did not avail himself, so that mandate does not lie.

We are inclined to agree with appellee on this proposition. Actions for mandate cannot be employed to adjudicate and establish a right, or to define and impose a duty. There must be a clear legal right existing to that which is demanded and an imperative duty on the part of the respondent to do the act required. *State ex rel. Hunter* v. *Winterrowd* (1910), 174 Ind. 592, 595, 91 N. E. 956, 92 N. E. 650; *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct.* (1963), 243 Ind. 604, 189 N. E. 2d 421; *Lewsader, Auditor* v. *State ex rel. Vigo County, etc.* (1963), 244 Ind. 275, 190 N. E. 2d 654.

Appellant has not made any showing that he had an absolute right to the relief he asked in his complaint for mandate, nor was there any positive showing that the Board owed him an absolute duty to reinstate him in the Fund, to accept his remittances, or to give him full credit for retirement purposes. These were all matters in dispute and should have been decided by the Board, with a right of review by the court.

The letters which were sent to appellant by appellee do not constitute notice in accordance with the terms of the statute. Burns' Ind. Stat., §63-3006, *supra*. The record does not reveal that they were sent by registered or certified mail, with return receipt requested, nor did they advise appellant of a time and place for hearing on the matters presented by appellee. At most, they can only be considered as an indication to appellant of the Board's attitude toward his membership in the Retirement Fund. It has been stated:

> "Where notice is one of the steps required, notice must be given at the time, in the manner and to the persons specified by the statute." *Perkins* v. *Indiana Mfg. Co.* (1915), 58 Ind. App. 220, 222, 108 N. E. 165, 166. See *Mills; Castor* v. *City of Winchester* (1960), 130 Ind. App. 397, 403, 162 N. E. 2d 97; *Securities Comm. of Ind., etc.* v *Holovachka* (1955), 234 Ind. 135, 137, 124 N. E. 2d 380.

Accordingly, the letters have no legal effect whatsoever.

However, under the statute, appellant as a "private person" can make a "claim, averment or complaint" against the administrative agency, giving notice thereof. This has not been done by appellant. He still has his rights to do so and may demand a hearing before the Board. If the Board's ruling is adverse to him, he can ask the circuit court to review its decision and thus present his case in orderly fashion. If the trial court's decision is against him, he may appeal. We find, therefore, that appellant had an adequate remedy at law of which he did not avail himself.

In the absence of administrative adjudication, the Marion Superior Court, Room No. 2, lacked jurisdiction

of the subject-matter of appellant's amended complaint for mandate. The motion to dismiss was properly sustained. The appellant failing to show reversible error, the decision of the trial court should be affirmed.

Judgment affirmed.

Achor, C.J., and Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 564.