LOUIS G. GIBSON ET AL. *v.* STATE EX REL. SORRELLS.

[No. 468S60. Filed October 11, 1968.]

*Fremont O. Pickett,* Shoals, Indiana, and *Bowen, Myers, Northam & Givan,* Indianapolis, for appellant.

*Seal & Seal,* of Washington, for appellee.

ARTERBURN, J.—This is an action brought by the relatrix, Ruth Alyne Sorrells, against the above named appellants and their successors to recover alleged deficiencies in her salary as an attendance officer of Martin County, Indiana. It is an action of mandate to compel the payment of the alleged shortage.

The basic issue is whether the County Board of Education of Martin County, Indiana, could appoint an attendance officer

for one year, but employ and instruct the officer to serve and be paid for only a school year of nine or ten months. The trial court entered judgment in favor of the relatrix in the amount of $9,482.17 for the alleged shortage in salary. The statute (Burns' § 28-501) under which the relatrix was employed provides in part:

"The county superintendent of schools shall nominate and the county board of education may appoint an attendance officer. . . ."

Burns' Ind. Stat. Anno. § 28-502 provides in part:

"Appointive attendance officers shall take office on the first of August and shall hold office for one [1] year and until their successors have been elected and qualified . . ."

The statute further provides that they must secure a license and be qualified, and further states:

"Appointive attendance officers, unless otherwise provided in this act, shall have their salaries fixed by the appointing board and shall further receive actual expenses necessary to the proper performance of their duties, said salaries and expenses to be paid by the county treasurer upon a warrant signed by the county auditor, and the county council shall appropriate, and the board of county commissioners shall allow, the funds necessary to make such payments. No warrant for the payment of such compensation or expenses shall be issued to any attendance officer until such officer shall have filed with the county auditor an itemized statement of the time employed and the expenses incurred, and until such statement shall have been approved and certified as correct by the superintendent of schools under whom the said officer serves. . . ."

The evidence shows in this case that the relatrix was selected as school attendance officer for the year 1960-1961 with the following record made by the County Board of Education:

". . . her salary was fixed by motion made by Fred Hovis and seconded by Marguerite Jones and approved by a

majority vote; at the minimum salary as allowed by the State Salary Schedule for her training and experience of $410.00 per month, for a school term of ten months, ($4,100.00) per year."

In 1961-1962 a like record was made at a minimum salary for 9 months of $3,870.00 per school year; in 1962-1963 at a salary of $4,160.00, to be paid monthly in 9 monthly installments of $462.22. In the school year 1963-1964 the rate was $516.00 per month for 9 months, totaling $4,649.94, and in 1964-1965 at $4,760.00 for 9 months. In 1965-1966 her salary was that fixed by the General Assembly in 1965. The Martin County schools operated on either a 9 or 10 months basis during the period involved.

The relatrix states that during the school vacation period she went to the office every two or three days. No member of the school board ever talked to her with reference to work during the summer. She testified she understood she was employed for a school term and that the term was 9 months or 10 months in the years involved; that she never talked to any of her employers about any additional salary nor asked for a salary on a 12 months basis.

At the time of her first employment she had three children, and in addition to taking care of her three children during the period of her employment she gave birth to two additional children, and also attended Indiana University.

The contention is made that an attendance officer is qualifiled as a teacher for salary purposes. Burns' § 28-4333 provides that the term "teacher" as used in the act shall include "all persons working in public schools who are required by law to secure a license from the licensing board of the state department of education." Burns' Ind. Stat. Anno. § 28-4201 provides that attendance officers shall secure a license from the State Board of Education. The Attorney General in an opinion, No. 91, in 1945, advised that an attendance officer was to be classified as a teacher.

Burns' Ind. Stat. Anno. § 28-4333 (1967 Supp.) provides as to payment of a teacher's salary:

"Should the school term contract or appointment in any school corporation be more or less than 9 months, the basic salary as above set out shall be proportionately increased or decreased."

We further call attention to the following statute applicable to teachers' contracts, Burns' § 28-4304, which provides:

"All contracts hereafter made by and between teachers and school corporations shall be in writing; shall state the date of the beginning of the school term, the number of months in the school term, the total amount of the salary to be paid during the school year, and the number of payments that shall be made during the school year: Provided that, in this act, a month shall mean not more than twenty (20) school days."

It appears to us in this somewhat confused state of the statutes that if the relatrix is to be classified as a teacher, as she urges upon us, then the contractual requirements are applicable, and since a teacher may be employed for a fixed number of months of a school year, it follows that an attendance officer may be likewise employed for such period, if the school board sees fit to do so. In the instance before us it is quite plain that the County Board of Education in its minutes specifically fixed the number of months of employment of the relatrix as a school attendance officer. The evidence is clear that she understood the number of months she was employed and there was no confusion in the understanding or the meeting of the minds of the parties to the contract of employment. A contract of agreement was made by the school for and understandingly accepted by appellee. She is bound thereby for the period agreed for employment. A distinction should be made between an appointment and a contract of employment fixing compensation. An appointment may be for a calendar year. However, the employment and compensation may be fixed for certain portions of the year,

i. e.: the school year, as permitted by the statute fixing the salary and employment of teachers. It seems to us it was the intention of the Legislature to give the School Board the same authority over salaries and employment of attendance officers as that relating to teachers.

We point out further that the relatrix has brought an action of mandate rather than an action on contract. In such instance the right must be clear and unequivocal and only a ministerial act remains to be performed. Looking at the evidence in this case, we have serious doubts that a writ of mandate rather than an action on contract was the proper remedy here, but that question we need not determine in view of the fact that we find that the relatrix is not entitled to the additional compensation which she asks the appellants be mandated to pay. *State ex rel. Rainey* v. *Board of Trustees* (1964), 245 Ind. 693, 201 N. E. 2d 564.

The judgment of the trial court is reversed, with directions to enter judgment for the appellants.

Lewis, C. J. and Hunter, Jackson and DeBruler, JJ. concur.

NOTE.—Reported in 240 N. E. 2d 544.