STATE of Indiana on the Relation of IN-
DIANA LIFE AND HEALTH INSUR-
ANCE GUARANTY ASSOCIATION,
Relator,

v.

The SUPERIOR COURT OF MARION
COUNTY, ROOM NO. 7 and Gerald S.
Zore, as Judge of The Superior Court of
Marion County, Room No. 7, Respon-
dents.

No. 1279S344.

Supreme Court of Indiana.

Jan. 16, 1980.

James A. McDermott and Robert H. Jer-
ry, II, Barnes, Hickam, Pantzer & Boyd,
Indianapolis, for relator.

William C. Barnard, Eric R. Johnson, W.
William Weeks, Sommer & Barnard, Indi-
anapolis, for respondents.

PIVARNIK, Justice.

The proceedings giving rise to this origi-
nal action are now pending in the Marion
Superior Court, Room 7, as *Dept. of Ins.,
State of Indiana v. Pilgrim Life Ins. Co.,*
cause number S 779–0979. By its Verified
Petition for a Temporary Writ of Prohibi-
tion and Alternative Writ of Mandate, the
Indiana Life and Health Insurance Guaran-

ty Association seeks a writ from this Court prohibiting the Marion Superior Court, Room 7, from exercising further jurisdiction in this proceeding and compelling the trial court to grant the Association's motion to dismiss for lack of subject matter jurisdiction. Alternatively, the Association seeks a writ of mandate compelling said Superior Court to grant the Association's motion to transfer the proceeding to the Marion Circuit Court.

On August 1, 1979, the Indiana Department of Insurance commenced a rehabilitation proceeding against the Pilgrim Life Insurance Company in the Marion Superior Court by filing its "Verified Application for Rehabilitation and Petition for Order to Show Cause." This application was filed pursuant to Ind.Code § 27–1–4–1 et seq. (Burns 1975). Under this statute the Department of Insurance was authorized to take possession, pursuant to judicial order, of the business and property of any financially impaired domestic insurance company, and to take appropriate steps to rehabilitate it. On August 2, the Superior Court entered an order of rehabilitation which appointed the Commissioner of the Department of Insurance as rehabilitator and authorized him to take steps to rehabilitate Pilgrim Insurance. However, on September 1, 1979, a new act of the Indiana Legislature, Ind.Code § 27–9–1–1 et seq. (Burns 1979 Supp.), took effect. This statute repealed Ind.Code § 27–1–4–1 et seq., referred to above.

This new act contains two provisions which prescribe the procedure by which the Commissioner of the Department of Insurance may obtain judicial approval to liquidate an insuror. § 27–9–3–5(a) of the new act concerns liquidation where rehabilitation has failed:

"Whenever the Commissioner believes further attempts to rehabilitate an insurer would substantially increase the risk of loss to creditors, policyholders or the public, or would be futile, the Commissioner may petition the Marion County Circuit Court for an order of liquidation. A petition under this subsection has the same

effect as a petition under section 6 [§ 27–9–3–6] of this Chapter."

In addition, § 27–9–3–6 is a general provision pertinent to all liquidations:

"The Commissioner may petition the Marion Circuit Court for an order directing him to liquidate a domestic insurer or an alien insurer domiciled in Indiana on the basis: (1) Of any ground for an order of rehabilitation as specified in section 1 [§ 27–9–3–1] of this chapter whether or not there has been a prior order directing the rehabilitation of the insurer; (2) That the insurer is insolvent; or (3) That the insurer is in such condition that the further transaction of business would be hazardous, financially or otherwise, to its policy holders, its creditors, or the public."

On October 15, 1979, the Department of Insurance, having determined that its rehabilitation efforts were not likely to succeed, filed with the Superior Court its "Petition for Order to Liquidate and to Cease Making Payments." By this petition, the Department, purporting to seek an order satisfying the requirements of § 27–9–3–7, sought an order from the Superior Court declaring Pilgrim Insurance to be insolvent, appointing the Commissioner as liquidator, and directing the Commissioner to liquidate the business of Pilgrim Insurance. The Superior Court scheduled a hearing on the Department's petition for November 5, 1979. After a hearing the Superior Court entered its order of liquidation appointing the Commissioner as liquidator and ordering the Commissioner to take the necessary steps to liquidate Pilgrim. On November 20, Indiana Life and Health Insurance Guaranty Association appeared in the Superior Court proceeding, and on December 7, filed a motion to dismiss for lack of subject matter jurisdiction, under Ind.R.Tr.P. 12(B)(1). This motion was denied. The Association then filed a motion to transfer the proceedings to the Circuit Court of Marion County, pursuant to Ind.R.Tr.P. 75. This motion was also denied.

The petitioner Association contends here that the new liquidation statutes, by direct-

ing that this type of action be brought in Marion Circuit Court, gave exclusive subject matter jurisdiction of such proceedings to the Circuit Court. Therefore, the Association argues, the respondent Marion Superior Court did not have subject matter jurisdiction of the proceedings. We find that the Marion Superior Court, Room 7, did have subject matter jurisdiction of these proceedings, and hold that the petition should be denied.

Respondents contend that the legislative directive, that all insurance company delinquency proceedings are to be filed and heard in the Marion Circuit Court, imposes a requirement of venue and not of subject matter jurisdiction. Their position is based on Trial Rule 75, which explicitly states that Indiana has a unified court system in which all courts have comprehensive subject matter jurisdiction. Respondents argue that all statutes, such as the new act under consideration here, which specify the court in which an action is to be filed and tried, impose venue rather than jurisdictional requirements. Trial Rule 75 states in part:

"(A) *Venue.* Any case may be venued, commenced and decided in any court in any county . . . ..

. . . . .

(D) *Other venue statutes superseded by this rule.* Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective. No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction."

The Court of Appeals considered a similar issue in *Etherton v. Wyatt,* (1973) 155 Ind. App. 440, 293 N.E.2d 43. The defendant there asserted that the Boone Circuit Court lacked jurisdiction over the subject matter of an action seeking the transfer of funds from the State's General Fund to the Indiana State Teachers Retirement Fund. The basis of this argument was Ind.Code § 34–4–16–1 (Burns 1971), which required that

such suits be filed in the Marion Superior Court and tried by that court sitting *en banc.* Relying on Trial Rule 75, the Court of Appeals found that Boone Circuit Court did have jurisdiction, and in its opinion quoted the following explanation of Trial Rule 75:

"As observed in the comments of the Civil Code Study Commission, the rule now applies to the State, so that the oppressive statute formerly construed as allowing claims against the State only to be litigated in the Superior Court of Marion County has now been broadened to permit suit in any county of the state subject only to the preferred venue requirements of Rule 75(A) and particularly subdivision (5) thereof."

*Id.* at 446–47, 293 N.E.2d at 47–48, *quoting* Harvey & Townsend, Indiana Practice § 75.8, at 540. Thus, Trial Rule 75 was held to override the application of the statute in question in *Etherton v. Wyatt.*

In *State ex rel. Knowles v. Elkhart Circuit Court,* (1971) 256 Ind. 256, 268 N.E.2d 79, this Court considered a petition for a writ of prohibition against the Elkhart Circuit Court on the ground that the court did not have jurisdiction to entertain divorce proceedings filed by the petitioner's wife, since neither he nor his wife was a resident of Elkhart County. This Court reviewed the provisions of Trial Rule 75 regarding venue and the procedures for remedying improper venue, and concluded; "From this it becomes apparent by very clear language that although a case including divorce proceedings may be filed in the wrong county, it is not a jurisdictional matter that deprives the court of the right to entertain the subject matter. The remedy of the aggrieved party is to petition the trial court for a removal of the cause to the proper county." *Id.* at 258, 268 N.E.2d at 80. In that case, the petitioner had not followed the procedure set forth in Trial Rule 75 for transfer to the proper court, and this Court denied the petition for a writ of prohibition.

Similarly, since the issue in the case before us is one of venue rather than jurisdiction, the petitioner Association does not

present circumstances on which we will issue an extraordinary writ. Such extraordinary power is used by this Court only when the issue is one of jurisdiction of the court to act or where the court acts or refuses to act in a manner which the law clearly mandates. *Gibson v. State ex rel. Sorrells* (1968) 251 Ind. 225, 240 N.E.2d 544; *State ex rel. Rainey v. Board of Trustees of Indiana State Teachers' Retirement Fund*, (1964) 245 Ind. 693, 201 N.E.2d 564.

██ Subsection (E) of Trial Rule 75 provides the remedy for an aggrieved party in the situation of the petitioner Association here: "The ruling of a court granting or refusing to order a case transferred under this rule is not a final or appealable order or judgment, and error of the court therein is grounds for a new trial or reversible error only when evidence in the record shows that the party asserting error was prejudiced or injured thereby." Trial Rule 75 further requires that an objection be presented to the trial court in a pleading or a Trial Rule 12(B) motion within the time limitations imposed by Trial Rules 6 and 12. Under those two rules, a responsive pleading or Rule 12(B) motion must be filed within twenty days of a complaint. The petitions filed in the trial court here were filed on August 1, and October 15, 1979. None of the parties objected to venue until the Association did so on December 6, 1979. The time for filing objections to venue under our rules had, of course, expired by this time. It is clear, then, that any objection to the authority of the respondent court to continue with the liquidation proceedings of Pilgrim Insurance has been waived, and the trial court properly denied the motion for dismissal and the motion for transfer to the Marion Circuit Court.

Even if we were to assume that the new act imposes a jurisdictional requirement, the Marion Superior Court nevertheless would have jurisdiction over the Pilgrim Insurance liquidation proceeding. Although the new act directs the Commissioner to file all delinquency proceedings in the Marion Circuit Court, Ind.Code § 33–5–35.-1–4 (Burns 1979 Supp.), the Superior Court enabling act, expressly provides that the Marion Superior Court shall have "[c]oncurrent and co-extensive jurisdiction with the Marion Circuit Court in all cases and upon all subject matters, including civil, criminal, probate and statutory cases and matters, whether original or appellate." This Court has resolved inconsistencies between the jurisdictional grants of enabling acts on the one hand, and statutes establishing special proceedings on the other, many times.

In *Meikel v. Meikel*, (1889) 119 Ind. 421, 20 N.E. 720, appellant challenged the jurisdiction of the Marion Superior Court to entertain an action brought by the holder of a tax deed to obtain possession of and quiet title to the property covered by the tax deed. A statute enacted in 1872 provided that any person holding a deed on land from the county auditor for the non-payment of taxes, may commence a suit to quiet title in the circuit court of the county where such land lies. That statute was inconsistent with a statute that took effect in 1871, which provided that the Marion Superior Court had jurisdiction concurrent with the Marion Circuit Court in all civil actions. This Court concluded in *Meikel* that the 1872 statute did not supercede the 1871 enabling act, and accordingly held that the Marion Superior Court had jurisdiction to entertain suit on the tax deed. This reasoning was subsequently followed in *Browning v. Smith*, (1894) 139 Ind. 280, 37 N.E. 540; *Martin v. Marks*, (1900) 154 Ind. 549, 57 N.E. 249; and *Vaught v. Knue*, (1917) 64 Ind.App. 467, 115 N.E. 108.

██ The only holding contrary to this rule is that of *State ex rel. Gary Taxpayers Ass'n v. Lake Superior Court*, (1947) 225 Ind. 478, 76 N.E.2d 254, which held that a statute creating the special proceedings superceded the provisions of the enabling act. To the extent that *State ex rel. Gary Taxpayers Ass'n v. Lake Superior Court* is inconsistent with this case, we overrule it. When an enabling act and a statute creating a special proceeding conflict with respect to which courts have authority to hear the special proceeding, the conflict is re-

solved by giving the enabling act precedence. Marion Superior Court, Room 7, then, has continuing authority and jurisdiction over the Pilgrim Insurance liquidation proceeding.

Therefore, the petition for a temporary writ of prohibition and alternative writ of mandate is denied.

All the Justices concur.