## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 08 2016, 9:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Timothy C. Platt
Sonia E. Platt
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Rebecca N. Algenio
Gregory Stout
Reisenfeld & Associates LPA, LLC
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy C. and Sonia E. Platt,

*Appellants-Defendants,*

v.

CitiMortgage, Inc.,

*Appellee-Plaintiff.*

September 8, 2016

Court of Appeals Case No.
49A02-1502-MF-63

Appeal from the Marion Superior Court

The Honorable John Hanley

Trial Court Cause No.
49D11-1002-MF-7224

**Vaidik, Chief Judge.**

# Case Summary

CitiMortgage, Inc. filed a mortgage-foreclosure action against Timothy and Sonia Platt and then moved for summary judgment. The trial court granted CitiMortgage's motion, and the Platts appeal. Because the Platts have waived all of their arguments on appeal either by failing to support them with cogent reasoning and citations to legal authority and the record on appeal or by failing to first raise them in the trial court, or both, we affirm the judgment of the trial court.

# Facts and Procedural History

In May 2008, the Platts executed a note and mortgage in exchange for an FHA home loan from an Indiana company called Preferred Capital. In February 2010, CitiMortgage filed a complaint to foreclose on the mortgage, alleging, among other things, that it is "entitled to enforce" the note and mortgage and that the Platts had defaulted by falling behind on their payments. Appellee's App. p. 2. In support of its claim that it is entitled to enforce the note and mortgage, CitiMortgage attached to its complaint copies of several documents, including (1) the note, which showed that Preferred Capital had endorsed it to CitiMortgage the same day the Platts signed it, (2) a "Note Allonge Endorsement," which reflected the same endorsement, (3) the mortgage, which identified the mortgagee as Mortgage Electronic Registration Systems, Inc. ("MERS") "solely as nominee" for Preferred Capital, and (4) a subsequent assignment of the mortgage from MERS ("as nominee for PREFERRED

CAPITAL") to CitiMortgage. *Id.* at 5-16. The case was assigned to the Marion Superior Court.

[3]     In their answer to CitiMortgage's complaint, the Platts denied being in default, but they acknowledged that "Preferred Capital assigned Mr. & Mrs. Platt's FH[A] loan to the plaintiff." *Id.* at 21.[1] The Platts also requested a settlement conference. After the conference was held, CitiMortgage filed a report explaining that the conference "resulted in the preliminary approval of Defendants for a repayment plan, which if fully performed by Defendants will cure the delinquency." *Id.* at 37. CitiMortgage said it would "dismiss the present action if appropriate, but will proceed with foreclosure should Defendants fail to comply with the conditions of and timely execution of the repayment plan." *Id.* Just over a month later, CitiMortgage filed a Notice of Failed Settlement to inform the trial court that the Platts had failed to comply with the agreed-upon repayment plan:

> Timothy and Sonia Platt were offered a Stipulated Special Forbearance Plan Agreement. Under the terms of the Stipulated Special Forbearance Plan Agreement, the defendants were required to make payments in the amount of $100.00 due on April 23, 2010, $300.00 due on May 23, 2010 and $300.00 due on June 23, 2010. The defendants failed to submit complete payments. Additionally, under the terms of the Stipulated

---

[1] In addition to their answer, the Platts filed a counterclaim that accused CitiMortgage of libel and of "an elaborate plan . . . to embezzle federal taxpayer dollars by submitting highly inflated costs to be paid by the FHA mortgage insurance policy associated with Mr. & Mrs. Platt's mortgage." Appellee's App. p. 21-25. The trial court eventually granted summary judgment in favor of CitiMortgage on the counterclaim. The Platts have not appealed that ruling.

> Special Forbearance Plan Agreement, the lender states it will not accept payment from Mr. & Mrs. Platt when payment is made from their personal checking account with their personal check. Defendant[s] failed to abide by the terms of the agreement, and sent incomplete payments with personal checks.

*Id*. at 39. As a result, the litigation continued.

[4] In April 2011, CitiMortgage sent discovery requests to the Platts, including requests for admission under Indiana Trial Rule 36. CitiMortgage asked the Platts to admit that the note "has been properly endorsed from Preferred Capital to the Plaintiff, CitiMortgage, Inc.," that CitiMortgage "is the current holder of the Note and Mortgage," that "payments are delinquent pursuant to the terms of the Note," that the Platts "have defaulted on the Mortgage by reason of nonpayment," that "as a result of the default on the Note and Mortgage, [CitiMortgage] is entitled to foreclose on the same," and that "every statement or allegation contained in [CitiMortgage's] Complaint is true and correct." *Id*. at 78-80. The Platts did not respond to the requests, meaning that the matters set forth were deemed admitted by virtue of Rule 36.

[5] In October 2011, CitiMortgage filed a motion for summary judgment. Among the materials it designated in support of the motion were its complaint and the attachments (including the note, mortgage, Note Allonge Endorsement, and mortgage assignment), the requests for admission to which the Platts failed to respond, and an affidavit from a Document Control Officer. The affidavit stated that "[CitiMortgage's] agent has possession of the original promissory note, which has been endorsed to [CitiMortgage]," that the Platts were in

default, and that the total amount due to CitiMortgage was $53,654.85. *Id.* at 114-15. The Platts filed an "objection" to CitiMortgage's motion, making a variety of allegations and arguments, but they did not designate any evidence or cite any legal authority.

[6] Shortly before a hearing was to be held on the motion, the Platts removed the case to federal court, where it remained for the next fourteen months. After the federal court remanded the case to the state court, CitiMortgage asked for a ruling on its motion for summary judgment. The Platts filed another written "objection" to the entry of summary judgment, but, again, they did not designate any evidence or cite any legal authority. The trial court held a hearing in January 2015 and then granted CitiMortgage's motion and issued the monetary judgment and decree of foreclosure that CitiMortgage had requested.

[7] The Platts now appeal.

# Discussion and Decision

[8] Two very basic principles govern our disposition of the Platts' appeal. First, appellate arguments must be supported by cogent reasoning, citations to legal authority, and citations to evidence in the record, *see* Ind. Appellate Rule 46(A)(8)(a), and those that are not are deemed waived, *see, e.g., Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015). Second, a party waives for appeal any issue or argument that he or she does not present to the trial court. *See, e.g., Cavens v.*

*Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006). We conclude that the Platts waived all of their arguments on appeal for one or both of these reasons.[2]

[9] The Platts first argue that CitiMortgage "knowingly submitted fraudulent documents to the Court, claiming those documents were authentic." Appellants' Br. p. 3. They contend that the mortgage, the assignment of mortgage from MERS to CitiMortgage, the Notice of Failed Settlement, CitiMortgage's Memorandum in Support of Summary Judgment, and a "Notice of Presentment" filed by CitiMortgage after the summary-judgment hearing are all fraudulent in one way or another. The Platts raised similar claims in the trial court, but they did not designate any evidence then, and they do not cite any on appeal. In the absence of any actual evidence of fraud, their claim necessarily fails.

[10] The Platts also argue that even if the mortgage assignment was not fraudulent, it was "invalid" because it was executed by MERS—Preferred Capital's "nominee"—rather than by Preferred Capital itself, and "[a]ny enforceable assignment of interest in the note must come directly from Preferred Capital to CitiMortgage, not from MERS to CitiMortgage." *Id*. at 10. There is no indication in the record before us that the Platts made an argument in the trial

---

[2] Our identification of the issues raised (or not raised) below is based on the Platts' written submissions to the trial court. To the extent that the Platts raised any additional issues during the hearing held in January 2015, they waived them for purposes of appeal by failing to provide us with a transcript of that hearing pursuant to Appellate Rule 9(F)(5), a "statement of the evidence" pursuant to Appellate Rule 31, or an "agreed statement of the record" pursuant to Appellate Rule 33.

court based on MERS' involvement, nor do they cite any legal authority in support of their position.[3]  Furthermore, the Platts acknowledged in their answer that "Preferred Capital assigned Mr. & Mrs. Platt's FH[A] loan to the plaintiff," and they admitted (by failing to respond to CitiMortgage's requests for admission) that the note was "properly endorsed from Preferred Capital to the Plaintiff, CitiMortgage, Inc.," that CitiMortgage "is the current holder of the Note and Mortgage," that "payments are delinquent pursuant to the terms of the Note," that the Platts "have defaulted on the Mortgage by reason of nonpayment," that "as a result of the default on the Note and Mortgage, [CitiMortgage] is entitled to foreclose on the same," and that "every statement or allegation contained in [CitiMortgage's] Complaint is true and correct." They offer no coherent argument as to why they should not be bound by these admissions.

[11]    The Platts contend that CitiMortgage "has specific loss mitigation actions that CitiMortgage is contractually obligated to pursue prior to initiating a foreclosure on an FHA-insured mortgage," that CitiMortgage "ignored those obligations and HUD/FH[A] regulations," and that they were "denied Due Process" as a result.  *Id*. at 5.  There is no indication in the record before us that the Platts raised this argument in the trial court, nor do they tell us what specific

---

[3] The Platts cite Indiana Code section 26-1-3.1-301, but that statute simply defines who is a "person entitled to enforce" a negotiable instrument.

"obligations" or "regulations" CitiMortgage allegedly ignored.[4] Also, the requirement of "due process" generally applies only to "state action," not to conduct of private parties like CitiMortgage. *See, e.g., Ind. High Sch. Athletic Ass'n, Inc. v. Carlberg by Carlberg*, 694 N.E.2d 222, 236 n.20 (Ind. 1997), *reh'g denied*.

[12] The Platts argue that CitiMortgage "began to misdirect payments and even refusing some payments entirely, thus orchestrating the default" and that the trial court should have required CitiMortgage to provide a "ledger of payments showing how each payment was applied." *Id*. at 14. There is no indication in the record before us that the Platts raised these arguments in the trial court, nor do they cite any evidence or authority that supports them.

[13] The Platts assert that the settlement conference held in April 2010 was "disingenuous" and "was not used as a final effort to avoid foreclosure" but rather to "coerce Mr. & Mrs. Platt into converting their FHA-insured mortgage into a more costly conventional mortgage." *Id*. at 15. There is no indication in the record before us that the Platts raised this argument in the trial court, nor do they cite anything in the record that supports it.

---

[4] The Platts cite "24 C.F.R. § 203.500 et seq.," *see* Appellants' Br. p. 14, but section 203.500 is called "Mortgage Servicing Generally" and does not impose any specific obligations on loan servicers, and the "et seq." add-on is similarly unhelpful. They also cite "Mortgagee Letter 2008-07 ("Treble Damages for Failure to Engage in Loss Mitigation") (Sept. 26, 2008)" and "Mortgagee Letter 1996-25 ("Existing Alternatives to Foreclosure – Loss Mitigation") (May 8, 1996)," *see id*. at 14-15, but they do not provide copies of those letters or tell us the source or content of the letters.

[14] The Platts allege that CitiMortgage violated Indiana Code section 32-30-10.5-8(a), which provides, in part, that "not later than thirty (30) days before a creditor files an action for foreclosure, the creditor shall send to the debtor by certified mail a presuit notice on a form prescribed by the [Indiana Housing and Community Development Authority]." There is no indication in the record before us that the Platts raised this argument in the trial court. And even if it is true that the Platts did not get formal pre-suit notice, they make no cogent argument and cite no authority that would support reversal on that basis.

[15] The Platts contend that the case should have been heard by the Marion Circuit Court instead of the Marion Superior Court. They do not contend that the superior court lacked *jurisdiction* to hear the case, nor could they. *See Noerr v. Schmidt*, 151 Ind. 579, 51 N.E. 332, 333 (1898) (holding that Marion Superior Court has jurisdiction of actions to foreclose mortgages on real estate in Marion County), *reh'g denied*. They only assert that the superior court was an "improper venue" under Indiana Code section 32-30-10-3, which at the time CitiMortgage filed suit provided that a mortgage-foreclosure action "may proceed in the *circuit court* of the county where the real estate is located[.]" Ind. Code Ann. § 32-30-10-3(a) (West 2013) (emphasis added).[5] However, it is well established that an objection to venue is waived if not raised early on in the trial-court proceedings. *See, e.g.,* Ind. Trial Rules 12(H) and 75; *Floyd v. State*,

---

[5] The statute has since been amended to clarify that foreclosure cases "may proceed in the circuit court, superior court, or probate court of the county where the real estate is located[.]" *See* P.L. 84-2016, § 144.

503 N.E.2d 390, 393 (Ind. 1987) ("Many times this Court has held that a defendant waives error relating to venue when he fails to make an objection at the appropriate time in the trial court."), *reh'g denied*; *State ex rel. Ind. Life & Health Ins. Guaranty Ass'n v. Superior Court of Marion Cnty., Room No. 7*, 272 Ind. 421, 399 N.E.2d 356, 359 (1980) (explaining that venue objection must "be presented to the trial court in a pleading or a Trial Rule 12(B) motion within the time limitations imposed by Trial Rules 6 and 12"). Here, there is no indication in the record before us that the Platts ever raised a venue objection in the trial court, let alone early on in the proceedings.

[16] The Platts assert that the trial court "transformed the motion hearing into a full-blown evidentiary hearing, which denied Mr. & Mrs. Platt the opportunity to present their original mortgage documents." Appellants' Br. p. 16. They do not offer any supporting citations to the record, nor have they provided us with a transcript of the hearing. Therefore, we have no way of evaluating their claim.

[17] The Platts' last argument—a single sentence at the end of their brief—is that they "are entitled to treble damages. (Ind. Code § 24-5.5-6-3)." *Id*. at 17. There is no indication in the record before us that the Platts made a claim under that statute in the trial court. Furthermore, the Platts make no argument as to how or why Article 24-5.5 of the Indiana Code, which addresses "mortgage rescue protection fraud," is relevant to this case.

Because the Platts have waived all of the arguments they raise on appeal, we affirm the judgment of the trial court.[6]

Affirmed.

Baker, J., and Najam, J., concur.

---

[6] On July 24, 2016, more than 30 days after CitiMortgage filed its Appellee's Brief, the Platts submitted a reply brief. Indiana Appellate Rule 45(B)(3), though, provides that an appellant's reply brief "shall be filed no later than fifteen (15) days after service of the appellee's brief." For that reason, the Platts' brief has not been "filed." Nonetheless, on August 3, CitiMortgage filed a motion asking us to "strike" the brief. In a separate order issued today, we (1) direct the Clerk of this Court not to file the brief and (2) deny CitiMortgage's motion to strike as moot. Nevertheless, we note that we have reviewed the brief and that, even if the Platts had timely filed it, it would not have altered the analysis above.